## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CONSOLIDATED RESOURCE COMPANY LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-23-1166-G** |
| | ) | |
| APACHE CORPORATION, | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Plaintiff Consolidated Resource Company LLC brings this suit alleging that Defendant Apache Corporation has refused to pay certain statutory interest owed on untimely oil and gas royalties. *See* Compl. ¶¶ 5-11 (Doc. No. 1-1). Defendant contends that Plaintiff's claims were released by a class action settlement approved by the U.S. District Court for the Eastern District of Oklahoma. *See* Answer ¶¶ 31-32 (Doc. No. 4); Order and J. Granting Final Approval of Class Action Settlement, *Allen v. Apache Corp.*, CIV-22-63-JAR (E.D. Okla. Nov. 16, 2022) (the "Class Action Settlement"). Plaintiff, in turn, has asserted that this matter lies outside of the scope of the Class Action Settlement because Defendant made the first royalty payment to Plaintiff after the Class Action Settlement had been adopted. *See* Joint Status Report & Disc. Plan (Doc. No. 11) at 2-3.

By the terms of the Class Action Settlement, the Eastern District of Oklahoma "reserves exclusive and continuing jurisdiction over the Litigation, Class Representatives, Settlement Class, and Class Members . . . for the purposes of . . . enforcing the terms of the Settlement, including the entry of injunctive or other relief to enforce, implement,

administer, construe and interpret the Settlement Agreement."  Class Action Settlement ¶ 22.

"[W]hen parties select in advance the exclusive venue and/or forum for the resolution of future disputes, and one party timely seeks enforcement of that agreement, federal courts give effect to these provisions through a transfer of venue (when the provision points to a different federal forum) or dismissal without prejudice under the doctrine of *forum non conveniens* (when the provision identifies a state or foreign forum)." *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 668 (10th Cir. 2020). Further, when a federal court includes an express provision retaining jurisdiction over the settlement agreement as part of the order of dismissal, the proper forum for litigating a breach of the agreement is in that same federal court.  *See In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 134 (2d Cir. 2011) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)).

The materials presented to the Court thus far reflect that venue may properly lie in the Eastern District of Oklahoma, or at minimum that such court is a more convenient forum because resolution of the dispute in favor of Defendant would mean that this Court lacks jurisdiction.  Accordingly, the parties are ORDERED to each submit a brief addressing whether this case should be transferred to the U.S. District Court for the Eastern District of Oklahoma within 14 days of the date of this Order.  Each side may then respond to the other's initial brief within 14 days.  No reply briefs shall be permitted without leave of the Court.

IT IS SO ORDERED this 11th day of April, 2024.

CHARLES B. GOODWIN
United States District Judge